# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

        **v.**                                  **Case No. 09-CR-256**

**BABTUNDE KAFFO et. al.,**

        **Defendants.**

---

## ORDER

---

Babtunde Kaffo ("Kaffo") was initially charged in this district by way of a criminal complaint issued on September 17, 2009. (Docket No. 1.) On October 20, 2009, the grand jury returned a three count indictment against Kaffo and a co-defendant. (Docket No. 8.) Kaffo and his co-defendant are charged in count one with conspiracy to distribute 5 kilograms or more of cocaine, in violation of Title 21, United States Code, Sections 841(b)(1)(A) and 846, and Title 18 United States Code, Section 2. (Docket No. 8 at 1.) Kaffo alone is charged in counts two and three with attempting to distribute more that 500 grams of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B) and 846 (count two), and using a communication facility to facilitate a drug crime, in violation of Title 21, United States Code, Sections 843(b) and 841(a)(1) (count three). (Docket No. 8 at 2-3.)

On December 2, 2009, Kaffo filed nine separate pretrial motions: Motion for Disclosure of Favorable Evidence, (Docket No. 36); Motion for Bill of Particulars, (Docket No. 37); Motion for Disclosure of Identities of Informants and Informants' Telephone Numbers, (Docket No. 38); Motion to Produce, (Docket No. 39); Motion for Discovery, (Docket No. 40); Motion for Hearing,

(Docket No. 41); Motion to Produce Jenck's [sic] Act Material, (Docket No. 42); Motion for Order, (Docket No. 43); and Motion for Extension of Time to File, (Docket No. 44). The government has responded, (Docket No. 48), and the defendant has replied, (Docket No. 49). The pleadings on these motions are closed and the matters are ready for resolution.

Most of the motions filed by the defendant are simply the sort of boilerplate motions that are strongly disfavored by this court. They constitute little more than legal mirages—from a distance it appears they might have merit, but upon close analysis, there is nothing there. The motions are form without substance. To avoid needless expenditures of time, such motions should be carefully tailored to the particular circumstances of each case, thereby avoiding the "shotgun approach."

**DISCOVERY MOTIONS**

In his Motion for Disclosure of Favorable Evidence, (Docket No. 36), Kaffo requests that the court order the government to provide him with a wide variety of information such as personnel files and psychiatric records of witnesses pursuant to Brady vs. Maryland, 373 U.S. 83 (1963) and Giglio vs. United States, 405 U.S. 150 (1972). Brady, and the progeny thereof, require disclosure of only exculpatory evidence. United States v. Higgins, 75 F.3d 332, 335 (7th Cir. 1996). Even disclosure mid-trial may be sufficient. Id. Brady does not entitle the defendant to catch-all pretrial discovery of anything. Id.

To the extent that the defendant is seeking information pursuant to Brady, the government has acknowledged its obligation to disclose such information, and thus the defendant's motion is moot. To the extent that the defendant is seeking to refashion a discovery request under the guise of Brady, the defendant's motion is denied for the defendant's failure to comply with Criminal L.R. 16.1(a). The government is following its open file policy, and the moving party has failed to indicate that the required conference with opposing counsel was conducted prior to filing this motion.

Likewise, so too are Kaffo's Motion to Produce, (Docket No. 39) and Motion for Discovery, (Docket No. 40), denied for the defendant's failure to comply with Criminal L.R. 16.1(a).

**MOTION FOR SANTIAGO HEARING**

As for Kaffo's Motion for a Santiago hearing, (Docket No. 41), which is a motion pursuant to the case of United States v. Santiago, 582 F.2d 1128, 1134-35 (7th Cir. 1978), this motion shall be denied.

Pursuant to Federal Rule of Evidence 801(d)(2)(E), "a statement by a conspirator of a party during the course and in the furtherance of the conspiracy," is not hearsay.

> It is a condition for the admission of such statements, however, that the Government provide sufficient evidence to convince the court, as a preliminary matter (see Fed. R. Evid. 104(a)), that it is more likely than not that 1) a conspiracy existed, 2) the defendant and the declarant were members thereof, and 3) the proffered statement(s) were made during the course of and in furtherance of the conspiracy."

United States v. Cox, 923 F.2d 519, 526 (7th Cir. 1991) (citing Santiago, 582 F.2d at 1134-35).

The Seventh Circuit has approved various procedures that a trial court may employ in order to make the preliminary determination required by Santiago:

> [1] the evidence as to these elements can be submitted to the court by way of proffer before trial, and the court can admit the statement(s) subject to its later determination that, based on all of the evidence admitted at trial, the Government has proved by a preponderance of that evidence all three requisite foundational elements. . . . [2] the court can rule on each statement as it is elicited based on the evidence the Government has adduced to that point; [3] the court can, even in the absence of a pretrial proffer, conditionally admit the body of coconspirator's statements subject to the Government's eventual proof of the foundational elements (the penalty for not so proving being a possible mistrial); [4] or the court can hold a "full blown" preliminary hearing to consider all evidence concerning the statements.

Cox, 923 F.2d at 526. The Seventh Circuit discourages the use of "full blown" hearing as a means to make this determination as "inefficient and potentially duplicative." Id.

In this district, it is the well-established long-standing practice to conditionally admit statements of alleged co-conspirators subject to the government showing that they are admissible in accordance with the Santiago considerations. See, e.g., United States v. Fisher, 2009 U.S. Dist.

3

LEXIS 1809, 20-23 (E.D. Wis. 2009); United States v. Davis, 2007 U.S. Dist. LEXIS 86742 (E.D. Wis. 2007); United States v. Martinez, 2007 U.S. Dist. LEXIS 32930 (E.D. Wis. 2007); United States v. Arberry, 2007 U.S. Dist. LEXIS 23286 (E.D. Wis. 2007); United States v. Barrera, 2006 U.S. Dist. LEXIS 80433 (E.D. Wis. 2006); United States v. Arnett, 2005 U.S. Dist. LEXIS 46360 (E.D. Wis. 2005). Accordingly, the defendant's motion shall be denied.

**MOTION FOR NOTICE OF INTENT TO USE RULE 404(b) EVIDENCE**

This motion by Kaffo (Docket No. 43), seeks the court to order the government to give notice of its intention to use evidence under Federal Rule of Evidence 404(b). Upon request of the defendant, the government is obligated to provide the defendant with "reasonable notice" of its intent to use such evidence; no motion is required. Fed. R. Evid. 404(b).

The government agrees to make the disclosure two weeks before trial. The defendant requests four weeks. The only basis Kaffo presents for requesting this length of time for disclosure is the "nature of the crime charged and the depth of discovery in this matter." (Docket No. 49 at 2.) The defendant is entitled to "reasonable notice." The defendant's bald assertion that the nature of the crime and the depth of the discovery somehow will make it difficult to appropriately investigate other acts evidence fails to demonstrate that two weeks is not "reasonable notice." Accordingly, the defendant's Motion for Order, (Docket No. 43), will be denied.

**MOTION FOR DISCLOSURE OF JENCKS ACT MATERIAL**

Kaffo moves that the court order the government to disclose Jencks Act material for non-testifying witnesses no later than four weeks before trial. (Docket No. 42.)

Jencks Act material regarding "non-testifying" witnesses is an oxymoron; if a witness is not called to testify by the government, that person's statements are not covered by the Jencks Act. See 18 U.S.C. § 3500. The defendant's motion is merely a motion for discovery brought under an

inappropriate title and thus is shall be denied for the defendant's failure to comply with Criminal L.R. 16.1(a).

**MOTION FOR A BILL OF PARTICULARS**

As for the defendant's Motion for Bill of Particulars, (Docket No. 37), he seeks the court order the government to provide the following information:

> 1. The dates, times, and places involved and the names and current residence addresses of all those involved in the allegations set forth in each of the counts of the indictment.
> 2. The name and address of every person whom relied upon by the prosecution for information as to the offense alleged in each count of the indictment.
> 3. The name and address of every person whom the prosecution expects to call as a witness to prove the offenses charged in the indictment.
> 4. With respect to any potential prosecution witness, co-defendant or co-conspirator, state all charges or convictions against the same, specifically indicating (i) the court, (ii) case number, (iii) the offense charged, and (iv) the disposition.

(Docket No. 37 at 1.)

The government objects on the basis that what the defendant seeks is an inappropriate use of a bill of particulars. In reply, Kaffo presents the following argument as to why a bill of particulars is appropriate in this case:

> Furthermore, the general time line of offenses charged, specifically in Count I which states that, "Beginning by at least 2007, and continuing until on or about June 10, 2009…" does not give Defendant sufficient specificity as to the date(s) and time(s) in which the Government alleges Defendant committed the crimes charged. Defendant therefore requests that the Government submit with specificity the date(s) and time(s) certain as to when the alleged conspiracy took place.

(Docket No. 49 at 1.)

Federal Rule of Criminal Procedure 7(f) permits the court, at its discretion, to order the government to provide a defendant with a bill of particulars. A court need not order the government to provide a bill of particulars if the "indictment sufficiently apprises the defendant of the charges to enable him to prepare for trial." United States v. Canino, 949 F.2d 928, 949 (7th Cir. 1991) (citing United States v. Kendall, 665 F.2d 126, 134 (7th Cir. 1981)). "In determining whether the

indictment sufficiently apprises the defendant of the charges, a court can consider the charges' complexity, the indictment's clarity, and the availability of discovery." United States v. Caputo, 288 F. Supp. 2d 923, 925 (N.D. Ill. 2003) (citing United States v. Swiatek, 632 F. Supp. 985, 988 (N.D. Ill. 1986)).

A bill of particulars is not required if the information necessary for a defendant's defense can be obtained through some other satisfactory means such as discovery or through the operation of the government's open file policy. Id.; United States v. Hernandez, 330 F.3d 964, 975 (7th Cir. 2003). However, although a defendant is entitled to know the nature of the charges against her and the government's theory of prosecution, the defendant is not entitled to know precisely how the government intends to prove its case. United States v. Agostino, 132 F.3d 1183, 1191 (7th Cir. 1997) (quoting United States v. Kendall, 665 F.2d 126, 135 (7th Cir. 1981)).

The defendant is accurate in arguing that the indictment is no more specific than a broad swath of time. But just because the indictment is not specific with respect to the times that the conspiratorial acts occurred does not mean that a bill of particulars is appropriate. Kaffo has failed to demonstrate that the discovery provided in this case is insufficient to apprise the defendant of the nature of the charges against him. Accordingly, Kaffo's motion shall be denied.

**MOTION FOR DISCLOSURE OF INFORMANTS**

In his Motion for Disclosure of Identities of Informants and Informants' Telephone Numbers, (Docket No. 38), Kaffo seeks precisely what is suggested by the title of the motion as well as the addresses of those informants. Kaffo also seeks the contents of communications made by certain informants, (Docket No. 38 at 1), but as this is essentially a motion for discovery that was not submitted in compliance with Criminal L.R. 16.1(a), this aspect of the defendant's motion shall not be considered. Kaffo contends that because much of the discovery in this case consists of phone records, matching the phone numbers to the identities of the informants is essential to make sense

out of these records. The government agrees that one week before trial, it will provide the defendant with the identities and phone numbers of informants who will be called to testify. (Docket No. 48 at 11.) In reply, Kaffo raises no objection to the scope of the government's proposed disclosure but contends that immediate disclosure is necessary. (Docket No. 49 at 2.) Thus, the only issue requiring resolution by this court is when the disclosure should occur.

As a general rule, the government enjoys a limited privilege of withholding the identity of an informant. United States v. Bender, 5 F.3d 267, 269 (7th Cir. 1993). This privilege encourages citizens to perform their obligation to communicate their knowledge of the commission of crimes to law enforcement officials, by preserving the informant's anonymity. United States v. Jefferson, 252 F.3d 937, 940 (7th Cir. 2001).

Disclosure of a confidential informant's identity "must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." Roviaro v. United States, 353 U.S. 53, 62 (1957). Factors to be considered are whether the informant is a transactional witness and whether the informant's testimony is relevant and could assist the defendant. United States v. Bender, at 270. Ultimately, to determine whether the government is required to disclose the identity of an informant, the court must balance the public interest in obtaining information necessary to apprehend those who have committed crimes against the defendant's interest in fair trial. Jefferson, 252 F.3d at 940-41.

The defendant has failed to demonstrate that one week is insufficient time to adequately prepare for trial. Accordingly, the defendant's Motion for Disclosure of Identities of Informants and Informants' Telephone Numbers, (Docket No. 38), shall be denied.

**MOTION FOR EXTENSION OF TIME**

Finally, there is the defendant's Motion for Extension of Time to File Additional Pretrial Motions, (Docket No. 44). Apparently, photo lineups utilized by the government were not included in the initial discovery, but were provided to defense counsel on December 11, 2009. (Docket No. 48 at 11.) Thus, Kaffo seeks additional time to review this discovery as well as an additional 60 pages of discovery and determine if any pretrial motions are appropriate. Initially, Kaffo's request was far-broader and he sought 30 additional days. In reply, Kaffo narrows his request regarding "potential motions," but does not indicate how much time is needed.

The upcoming jury trial and the defendant's request to file potential motions is problematical. The jury trial is scheduled to commence on January 19, 2010. The defendant has had the additional discovery for at least 10 days, but still refers to additional motions as "potential." Under the circumstances, it would seem that the defendant would know whether or not a motion challenging the line-up would be filed.

Unless the date for trial is adjourned, this court is unable to grant the defendant's request for an unspecified amount of additional time. Even if the trial date was continued, an open-ended extension will not be granted. The court finds a lack of good cause and the motion for an extension of time is denied. This leaves the defendant with at least two options. One is to request that Judge Randa continue the trial date upon a showing of good cause, although this was previously done; the other is to promptly request to file the defendant's pretrial motion instanter upon a showing of good cause.

**IT IS THEREFORE ORDERED** that the defendant's Motion for Disclosure of Favorable Evidence, (Docket No. 36), is **denied**.

**IT IS FURTHER ORDERED** that the defendant's Motion to Produce, (Docket No. 39), is **denied.**

**IT IS FURTHER ORDERED** that the defendant's Motion for Discovery, (Docket No. 40), is **denied**.

**IT IS FURTHER ORDERED** that the defendant's Motion for Hearing, (Docket No. 41), is **denied**.

**IT IS FURTHER ORDERED** that the defendant's Motion for Order, (Docket No. 43), is **denied**.

**IT IS FURTHER ORDERED** that the defendant's Motion to Produce Jenck's [sic] Act Material, (Docket No. 42), is **denied**.

**IT IS FURTHER ORDERED** that the defendant's Motion for Bill of Particulars, (Docket No. 37), is **denied**.

**IT IS FURTHER ORDERED** that the defendant's Motion for Disclosure of Identities of Informants and Informants' Telephone Numbers, (Docket No. 38), is **denied**.

**IT IS FURTHER ORDERED** that the defendant's Motion for Extension of Time to File, (Docket No. 44), is **denied**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Crim. P. 59(a) (as amended effective December 1, 2009) whereby written objections to any order herein or part thereof may be filed within fourteen days of service of this order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal.

Dated at Milwaukee, Wisconsin this <u>22nd</u> day of December 2009.

<u>s/AARON E. GOODSTEIN</u>
U.S. Magistrate Judge

9
Case 2:09-cr-00256-RTR   Filed 12/22/09   Page 9 of 9   Document 51